UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 09-cv-0683 |
| v. | ) ) ) | Hon. James B. Zagel |
| SCOTT M. ROSS, | ) ) | |
| Defendants. | ) ) | |

**MOTION FOR PARTIAL RELIEF FROM ASSET FREEZE**

Defendant Scott M. Ross, by and through his attorneys, respectfully requests the Court for Partial Relief from the Asset Freeze which was entered by agreement on February 3, 2009. In support of this Motion, Mr. Ross states as follows:

**INTRODUCTION**

1. On January 29, 2009, Mr. Ross voluntarily approached the Securities and Exchange Commission ("SEC") and relayed to them a story which forms the basis of the Complaint filed in this action. Prior to that time, the SEC was not investigating Mr. Ross. Mr. Ross volunteered this information in an effort to conserve investor funds which were being depleted rapidly because of the actions of Mr. Ross's former employees.

2. Since that time, Mr. Ross has cooperated fully with the SEC. He consented to any and all relief sought by the SEC. He turned over all control of his business and personal finances. And, Mr. Ross agreed to an asset freeze which this Court entered and which covers all of his assets, sources of income, and bank accounts.

3. Mr. Ross and his wife have moved out of their residence, which home they now

have put up for sale, and they are living with relatives.  Mr. Ross presently is in search of gainful employment but as the Court is well-aware, the employment market is dire.  By this Motion, Mr. Ross seeks a carve-out from the personal asset freeze for two things: (a) enough money to pay certain bills at his house to keep it out of foreclosure and in a condition in which it could be sold; and (b) $125 per week on which to live.

## ARGUMENT

**I.     The House.**

4.      As the Court recognized at the initial status, if Mr. Ross's house is going to realize any money for investors, it will be through a market sale and not foreclosure.  Presently, however, Mr. Ross has no ability to pay his mortgage.  His assets are frozen, and neither he nor his wife are employed.  Unless the Court intervenes, the house will go into foreclosure.  Mr. Ross's present mortgage payments are approximately $3,700 per month.

5.      To decrease expenses, the Rosses have moved out of their home and are living with family.  However, if the house is going to show and sell, certain utility bills need to be paid.  For example, the house is not going to sell unless it has heat (gas) and electricity.  In addition, if the garbage bill is not paid, the garbage will not be picked up, and the smell will emanate throughout the house.  Mr. Ross believes that paying these three bills is essential to the potential sale of the house.  Again, however, with the asset freeze in place, Mr. Ross cannot pay these bills.  The gas bill is $400 per month until June, 2009, when it reduces to $200 per month.  The electricity bill is $170 per month.  Finally, the garbage bill is $65 per month.

6.      To maximize the chances of the house selling and realizing funds for investors, these bills and the mortgage need to be paid. Accordingly, Mr. Ross respectfully requests a carve-out from the asset freeze to pay these bills, which total approximately $4,335 per month.

## II.     A Living Stipend.

7.     Presently, Mr. Ross and his wife do not have any money to live on.  They cannot pay for food or anything else.  They are living on the generosity of family.  Presently, Mr. Ross is searching for a job which would allow him to pay for some of his family's expenses.  However, until he is able to find work, Mr. Ross respectfully requests a small living stipend of $125 per week, to pay for food, gas, and personal items that he and his wife need to live.

WHEREFORE, for the forgoing reasons, Defendant Scott M. Ross, respectfully requests partial relief from the personal asset freeze to pay his mortgage, certain utilities at his house, and a small weekly stipend on which to live.

Dated: February 20, 2009                              Respectfully submitted,

                                                                          SCOTT M. ROSS

                                                                          By: /s/ Mark L. Rotert
                                                                              One of his attorneys

Mark L. Rotert
Henry M. Baskerville
Stetler & Duffy, Ltd.
11 South LaSalle Street
Suite 1200
Chicago, Illinois  60603
Tel.:   312-338-0200
Fax:   312-338-0070
mrotert@stetleranduffy.com
hbasker@stetleranduffy.com

## **CERTIFICATE OF SERVICE**

      I, Mark L. Rotert, an attorney, certify that I caused copies of the **Scott M. Ross's Motion for Partial Relief from Asset Freeze,** to be filed with the Clerk of the Court and served via the Court's CM/ECF System on all counsel of record this 20th day of February, 2009.

                                                /s/ Mark L. Rotert