**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) ) ) ) **Plaintiff,** ) ) v. ) ) **SCOTT M. ROSS,** ) ) **Defendant.** ) ) | **No. 09-cv-0683** **Hon. James B. Zagel** |

**THE SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO
DEFENDANT'S MOTION FOR PARTIAL RELIEF FROM ASSET FREEZE**

Plaintiff, the United States Securities and Exchange Commission ("SEC"), for its response to Defendant Scott M. Ross's ("Ross") Motion for Partial Relief from Asset Freeze, states as follows:

**BACKGROUND**

On February 3, 2009, this Court entered a Partial Final Judgment and Order of Permanent Injunction, Asset Freeze and Other Relief in response to the parties' Agreed Emergency Motion for the Entry of Partial Final Judgment and Order of Permanent Injunction, Asset Freeze and Other Relief (the "Order").

On February 4, 2009, Ross presented to this Court his oral motion to "carve out" a portion of the assets covered by the Order for the purpose of allowing Ross to make payments on his home mortgage and money for day-to-day living and other expenses. The Court granted Ross's motion only with respect to the monthly payments due on his home mortgage and on the condition that Ross present the SEC with evidence as to the amount of those payments. The

Court denied Ross's motion in all other respects, including with respect to allowing Ross to utilize certain of the frozen assets for day-to-day living expenses.

## **ARGUMENT**

In his Motion for Partial Relief from Asset Freeze, Ross asks this Court to reconsider its ruling on his February 4, 2009 oral motion without presenting any significant or controlling changes in the law or the facts or any other compelling reason that would justify such reconsideration.  *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-2 (7th Cir. 2006) ("The authority of a district judge to reconsider a previous ruling in the same litigation . . . is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous."); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (motions to reconsider should be rare and are available when there has been a controlling or significant change in law or facts since submission of issue to the court).

In this case, when last the parties were before this Court, Ross asked that the asset freeze portion of the Order be modified to allow him to make his mortgage payments and also to provide him with an allowance for living expenses.  The Court agreed that mortgage payments should be made on Ross's home to prevent foreclosure proceedings from diminishing the value of an asset that would likely be sold for the benefit of the victims of Ross's fraudulent scheme. For that reason, the Court granted Ross's motion in part and directed Ross to provide the SEC with evidence as to the funds required to make his monthly mortgage payments.  The Court denied Ross's motion in all other respects, including his request for an allowance to cover living expenses.

In support of the instant motion, Ross does not argue either that the facts or the law have

changed since this Court ruled on his oral motion on February 4, 2009.  Nor does Ross point to any assets covered by the asset freeze that are untainted by his fraud.  And Ross presents no other compelling reason that should lead this Court to reconsider its ruling that Ross should not be permitted to utilize funds fraudulently obtained from his clients in order to pay his living expenses.

      Finally, with respect to the amount of his monthly mortgage payments, Ross has not yet provided the SEC with any evidence whatsoever to substantiate the $3,700 figure that appears in his motion.[1]  Moreover, the relief he seeks is not necessary.  This Court has already appointed a receiver in this case, who is answerable to this Court.  In order to best protect defrauded investors, the SEC respectfully suggests that the Receiver, and not Ross, be authorized to make monthly mortgage payments and to pay other reasonable expenses that the Receiver deems necessary to maintain the value of Ross's home.

      For all of the reasons stated above, Ross's Motion for Partial Relief from Asset Freeze should be denied.

Respectfully submitted,

_s/ Andrew P. O'Brien_____
Andrew P. O'Brien
One of the Attorneys for Plaintiff
U.S. SECURITIES AND
EXCHANGE COMMISSION
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

Dated: February 23, 2009

---

[1] Ross also asks the Court to permit the use of tainted funds to pay his utility bills without providing any evidence to support the amounts he claims to need to pay those bills.